UNITED STATES DISTRICT COURT
NORTHERN DISTRICT NEW YORK

-----------------------------------------------------------

LUIS R. MORALES,
                Plaintiff,

v.                                               5: 10-CV-0662
                                               (GTS/TWD)

ERIC H. HOLDER, JR., Attorney General
of the United States,
                Defendant.

-----------------------------------------------------------

APPEARANCES:                                        OF COUNSEL:

LUIS R. MORALES, 95-A-3747
  Plaintiff, *Pro Se*
Woodbourne Correctional Facility
99 Prison Road, Box 1000
Woodbourne, NY 12788-1000

UNITED STATES DEPARTMENT OF JUSTICE        JACOB M. WEINTRAUB, ESQ.
  Counsel for Defendant                              Senior Litigation Counsel
Ben Franklin Station
P.O. Box 868
Washington, D.C. 20044

HON. GLENN T. SUDDABY, United States District Judge

## **MEMORANDUM-DECISION and ORDER**

       Currently before the Court, in this immigration action filed by Luis R. Morales ("Plaintiff") against Eric H. Holder, Jr. ("Defendant"), are Defendant's motion to dismiss Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(1) and/or 12(b)(6), and Plaintiff's cross-motion for leave to file an Amended or Supplemental Complaint pursuant to Fed. R. Civ. P. 15(a). (Dkt. Nos. 17, 18.) For the reasons set forth below, Defendant's motion is granted, and Plaintiff's cross-motion is denied.

I.      RELEVANT BACKGROUND

In their motion papers, the parties have generally demonstrated an adequate understanding of the claims and factual allegations asserted in Plaintiff's Complaint, the arguments asserted for and against Defendant's motion, and the legal standards governing those claims and arguments. (Dkt. Nos. 17-19.)[1] As a result, the Court will not recite that information with specificity in this Decision and Order, which is intended primarily for the review of the parties.

Rather, the Court will note only as follows. Generally, Plaintiff's Complaint seeks (1) a judgment declaring as unconstitutional some or all of Section 301 of the Immigration and Nationality Act of 1952, 8 U.S.C. § 1401(a) (1952), and (2) an injunction directing the United States Congress to "redesign [Section 301] in a manner that comports with the Due Process and Equal Protection Clauses of the 5th and 14th Amendments to the U.S. Constitution . . . ." (Dkt. No. 1.)

In addition, generally, Defendant asserts the following three arguments in support of his request for the dismissal of Plaintiff's Complaint: (1) Plaintiff's Complaint must be dismissed pursuant to Fed. R. Civ. P. 12(b)(1), because it is barred by the doctrine of *res judicata*; (2) in the alternative, Plaintiff's Complaint must be dismissed pursuant to Fed. R. Civ. P. 12(b)(1), because it is barred by the doctrine of sovereign immunity; and (3) in the alternative, Plaintiff's Complaint must be dismissed pursuant to Fed. R. Civ. P. 12(b)(6), because it seeks relief that the Court cannot grant and, in any event, is moot due to Congress's amendment of 8 U.S.C. § 1401 in 1986. (Dkt. No. 17.)

---

[1]  The Court notes that, at one point during his application of the legal standard governing dismissals under Fed. R. Civ. P. 12(b)(6), Plaintiff relies on the now-retired conceivability standard set forth in *Conley v. Gibson*, 355 U.S. 41 (1957), rather than the newly clarified plausibility standard set forth in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). (Dkt. No. 18, Attach. 1, at 20-21.) Plaintiff later references the correct (latter) standard. (*Id*. at 21.)

Finally, generally, in his response to Defendant's motion, in addition to opposing (and sometimes conceding) Defendant's arguments, Plaintiff states, "If Plaintiff raises or addresses an issue which the moving party is not addressing, Plaintiff respectfully asks the Court to please treat and accept the issue as either a cross-motion or as a motion to amend or supplement the original complaint." (Dkt. No. 18, Attach. 1, at 2.)

## II. ANALYSIS

### A. Defendant's Motion to Dismiss

Even after construing Plaintiff's Complaint with the utmost of special liberality, and carefully scrutinizing Defendant's arguments for dismissal (and Plaintiff's arguments against dismissal), the Court concludes that Plaintiff's Complaint must be dismissed for each of the three alternative reasons offered by Defendant in his memorandum of law: (1) Plaintiff's Complaint is barred by the doctrine of *res judicata*; (2) Plaintiff's Complaint is barred by the doctrine of sovereign immunity; and (3) Plaintiff's Complaint seeks relief that the Court cannot grant and, in any event, is moot due to Congress's amendment of 8 U.S.C. § 1401 in 1986. (Dkt. No. 17.)

The Court would add only five brief points. First, for the sake of brevity, the Court will assume that Plaintiff's "third party complaint" submitted "on behalf of his deceased . . . father" is not subject to dismissal based on either mootness or a lack of standing—although that fact is far from clear.

Second, although Defendant characterizes the doctrine of *res judicata* as warranting dismissal under Fed. R. Civ. P. 12(b)(1) under the circumstances, the Court finds that the doctrine warrants dismissal under Fed. R. Civ. P. 12(b)(6) under the circumstances.[2] The Court

---

[2] "*Res judicata* challenges may properly be raised via a motion to dismiss for failure to state a claim under Rule 12(b)(6)." *Thompson v. Cnty. of Franklin*, 15 F.3d 245, 253 (2d Cir. 1994). When a defendant raises *res judicata* as a defense and "it is clear from the face of the complaint, and matters of which the court may take judicial notice, that the plaintiff's claims are

3

notes that, not only does Plaintiff's Complaint reference and attach a copy of the Second Circuit's Order in *Morales v. Holder*, No. 06-2599, 2009 WL 3645321 (2d Cir. Nov. 3, 2009), but the Court may take judicial notice of that Order under the circumstances.[3]  Indeed, Plaintiff himself expressly asks the Court to consider this document on Defendant's motion.  (Dkt. No. 18, Attach. 1, at 21.)

Third, in addition to the case cited by Defendant for the point of law that the doctrine of *res judicata* bars a party from relitigating issues that were or *could have* been raised in the prior action, the Court relies on several other cases.  *See Nemaizer v. Baker,* 793 F.2d 58, 60 (2d Cir. 1986) ("[A dismissal with prejudice] constitutes a final judgment with the preclusive effect of res judicata not only as to all matters litigated and decided by it, but as to all relevant issues which could have been but were not raised and litigated in the suit.") (internal quotation marks omitted); *Tucker v. Arthur Andersen & Co.*, 646 F.2d 721, 726-27 (2d Cir. 1981) ("*Res judicata* prevents the subsequent litigation of any defense or ground for recovery that was available to the parties in the original action, whether or not it was actually litigated or determined . . . .").[4]

---

barred as a matter of law," dismissal under Fed. R. Civ. P. 12(b)(6) is appropriate. *Conopco, Inc. v. Roll Int'l*, 231 F.3d 82, 86 (2d Cir. 2000).

[3]     *See Car-Freshner Corp. v. Getty Images, Inc.*, 09-CV-1252, 2011 WL 4527782, at *3 & n.5 (N.D.N.Y. Sept. 28, 2011) (Suddaby, J.) (describing matters outside four corners of complaint that court may consider on motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12[b][6] without converting motion to one for summary judgment pursuant to Fed. R. Civ. P. 56).

[4]     *See also Cascio v. Nettles*, 09-CV-1128, 2011 WL 3847337, at *8 (N.D.N.Y. Aug. 30, 2011) (Suddaby, J.) ("[T]he Court finds that the elements of *res judicata* are met. . . .  Plaintiff had available to him in Action 1 the same cause of action as asserted by him in the current action."); *Pitts v. Onondaga Cnty. Sheriff's Dep't*, 04-CV-0828, 2009 WL 3165551, at *5 (N.D.N.Y. Sept. 29, 2009) (Suddaby, J.) ("[D]ismissal of a Title VII claim in a second action is warranted even where the plaintiff did not have the required right to sue letter from the EEOC when his first action was before the Court because, although the Court could not have adjudicated the plaintiff's Title VII claim in his first action until the plaintiff received his right to sue letter the plaintiff could have brought his Title VII claim before the Court in his first action

Fourth, in his response to Defendant's motion, Plaintiff argues that, in his prior proceeding, he did in fact raise the issues raised in this proceeding, but that the Second Circuit did not sufficiently decide those issues. (Dkt. No. 18, Attach. 1, at 29.) As an initial matter, Plaintiff's argument concedes the fact that he "could have" raised the issues in question in the prior proceeding (which is all that is necessary for the application of the doctrine of *res judicata*, under the circumstances). In any event, the Court finds unpersuasive Plaintiff's argument that the Second Circuit's disposition of his prior proceeding did not constitute a sufficient adjudication on the merits, for purposes of the application of the doctrine of *res judicata*.

Fifth, and finally, as yet a fourth alternative ground for the dismissal of Plaintiff's Complaint, the Court dismisses Plaintiff's Complaint because it does not allege facts plausibly suggesting a violation of either the Due Process Clause or Equal Protection Clause of the United States Constitution.

**B. Plaintiff's Cross-Motion to Amend/Supplement**

After carefully considering Plaintiff's cross-motion to amend/supplement, the Court concludes that the cross-motion must be denied on both procedural and substantive grounds.

As an initial matter, the Court notes that, had Plaintiff simply filed an Amended or Supplemental Complaint during the 21-day period following the service of Defendant's motion to dismiss on February 17, 2011 (which occurred three days after its mailing on February 14, 2011, pursuant to Fed. R. Civ. P. 6[d] and Fed. R. Civ. P. 5[b][2][C]), he could have done so "as a matter of course" under Fed. R. Civ. P. 15(a)(1)(B). However, Plaintiff did not do so, instead filing a cross-motion to amend/supplement on or after March 16, 2011 (Dkt. No. 18, Attach. 1, at

---

by amending his original complaint to include the Title VII claim within 90 days of receiving that letter.") (internal quotation marks omitted); *Oneida Indian Nation of New York v. New York*, 194 F.Supp.2d 104, 125 (N.D.N.Y.2002) (Kahn, J.) ("*Res judicata* applies to any claim or defense previously available, whether or not it was actually litigated or determined.").

33 [reflecting date of notarization as March 16, 2011]).[5] As a result, making a cross-motion for leave to amend/supplement is the correct means by which Plaintiff should proceed under the circumstances.

Unfortunately, Plaintiff's cross-motion is procedurally improper in that it is not accompanied by either (1) an affidavit or (2) a copy of his proposed amended or supplemental complaint. N.D.N.Y. 7.1(a)(2) and (a)(4). Nor does the cross-motion "set forth specifically the proposed amendments and identify the amendments in the proposed pleading, either through the submission of a red-lined version of the original pleading or other equivalent means." N.D.N.Y. L.R. 7.1(a)(4).

In any event, even if Plaintiff's cross-motion was not plagued by these two procedural flaws, the Court would deny that cross-motion as futile, based on the numerous substantive defects referenced above in Part I of this Decision and Order.

For each of these three alternative reasons, the Court denies Plaintiff's cross-motion for leave to amend/supplement.

**ACCORDINGLY**, it is

**ORDERED** that Defendant's motion to dismiss (Dkt. No. 17) is **GRANTED**; and it is further

**ORDERED** that Plaintiff's cross-motion for leave to amend/supplement (Dkt. No. 18) is **DENIED**.

---

[5]   Under the "prison mailbox rule," the date of filing of a prisoner action is deemed to be the date that the prisoner is presumed to have handed his complaint to a prison guard for mailing, which is ordinarily the date that the complaint was signed, but which strictly speaking is the latest date reflected in the complaint. *Chavis v. Ryan*, 05-CV-0100, 2008 WL 4934605, at *7 &n.5 (N.D.N.Y. Nov. 13, 2008) (Suddaby, J.) ("Here, the Complaint was dated January 17, 2005. . . . However, in the body of the Complaint, Plaintiff alleges that certain events (giving rise to some of his claims) occurred on January 20, 2005. . . . As a result, the Court will deem the date of filing to be January 20, 2005.").

    The Clerk of the Court is directed to issue a judgment for Defendant and close this action and to serve this decision and order on plaintiff at both Cayuga Correctional Facility and Woodbourne Correctional Facility.

    <u>The Court certifies that any appeal from this Decision and Order would not be taken in good faith</u>.

Dated: February 28, 2012
       Syracuse, New York

_____
Hon. Glenn T. Suddaby
U.S. District Judge